UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE ALEXANDER FREEMAN, | No. 2:24-cv-1258 AC P |
| Plaintiff, | |
| v. | ORDER |
| DUDLEY et al, | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.     Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 7. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.  Complaint

The complaint sets forth three separate claims for relief and alleges that defendants Dudley, Tardd, Singh, Rivera, Moreno, Hernandez, Jew, Alvares, and Chao violated plaintiff's rights under the Eighth Amendment. ECF No. 1.

In Claim I, plaintiff alleges that on January 28, 2024, he informed defendant Dudley that he was suicidal. In response, Dudley told him to pack his property and move to another cell and began to search through his property "in a hostile way." Id. at 3. At this point, defendant Tardd handcuffed plaintiff and attempted to escort him out of the cell. Id. When plaintiff attempted to stay in the cell to watch the search, both Dudley and Tardd used "excessive force" to "maliciously cause harm" even though plaintiff was already handcuffed and on the floor, not resisting. Id. As a result of the incident, plaintiff sustained bleeding, abrasions, bruises, and pain. Id. After moving cells, no nurses came to watch plaintiff while on suicide watch. Id.

Claim II alleges that plaintiff was taken to emergency medical services following the incident, and defendant Jew and two nurses were in the area.[1] Id. at 4. While there, plaintiff's vitals were not taken "due to the defendants['] desire of not leaving a paper trail." Id. He also alleges that defendants wanted him to move around in order to take his vitals, but he was unable

---

[1] Neither nurse is named as a defendant.

3

to move around on the gurney properly as a result of the pain he felt. Id. Plaintiff was then cleared and sent back to his housing even though he had a "medical need, that if left unattended, pose[d] a substantial risk of serious harm." Id.

Finally, in Claim III, plaintiff broadly states that "all defendants" violated his Eighth Amendment rights because their actions "seriously affected [his] health & safety" and that "the use of force caused [him] identifiable harm." Id. at 5.

IV. Failure to State a Claim

A. Personal Involvement

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). Plaintiff does not make any allegations regarding the specific actions of defendants Singh, Rivera, Moreno, Hernandez, Alvares, or Chao, and therefore fails to state any claims against these defendants.

B. Excessive Force

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Although plaintiff states that Dudley and Tardd maliciously used "excessive force" and "physical contact" in an attempt to harm him, there is no mention of what specific, individual conduct the defendants participated in which constituted this "excessive force." Conclusory allegations of excessiveness are not sufficient to state a claim. Moreover, plaintiff states that he attempted to stay in the cell despite orders to leave, which supports an inference that at least some force may have been warranted. Accordingly, the facts alleged are insufficient to demonstrate that the force used by Dudley and Tardd was sufficient to rise to the level of an Eighth Amendment violation.

////

### C. Medical Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)). Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citation omitted).

Although plaintiff alleges that he had a "serious medical need" that needed attention, he does not state what the need was or the harm that it could have caused him. Plaintiff therefore fails to allege sufficient facts to state a claim. Further, plaintiff names defendant Jew as being present at emergency medical services but does not describe any individual action taken by Jew, referring only to action taken by "defendants." Without any specificity as to what individual action Jew did or did not take that constituted deliberate indifference, plaintiff fails to state a claim against Jew.

Plaintiff also alleges that after Dudley moved him to a suicide watch cell, no nurses came by to observe him while on suicide watch. Although the failure to properly supervise plaintiff while on suicide watch states a claim of deliberate indifference, plaintiff fails to identify the defendant responsible for this failure and thus fails to state a claim. Plaintiff makes no allegations showing that Dudley or Tardd's conduct was the cause of the lack of supervision or otherwise interfered with his medical treatment, and he therefore fails to state a claim against them.

////

////

V.     Leave to Amend

The complaint does not state any cognizable claims for relief and plaintiff will be given an opportunity to file an amended complaint. If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

I.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Your complaint will not be served because the facts you alleged are not enough to state a claim. You must explain and provide specific detail of the individual conduct of each defendant which you believe violated your constitutional rights. It is not enough to claim generally that all defendants violated your rights, or to state only that a defendant used excessive force or ignored

your serious medical need. Instead you must describe each defendant's specific actions that you believe were excessively forceful, and describe the medical need or risk of harm they ignored.

You may amend your complaint to try to fix these problems. Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights.

If you choose to file a first amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.**

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: June 25, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE